2012 WY 114

**BOARD OF PROFESSIONAL RE-SPONSIBILITY, WYOMING STATE BAR, Petitioner,**

v.

**Gibson Sean BENHAM, WSB # 6–3120, Respondent.**

No. D–12–0006.

Supreme Court of Wyoming.

Aug. 30, 2012.

ORDER SUSPENDING ATTORNEY FROM
THE PRACTICE OF LAW

[¶ 1]  **This matter** came before the Court upon a "Report and Recommendation for Suspension," filed herein August 16, 2012, by the Board of Professional Responsibility for the Wyoming State Bar, pursuant to Section 16 of the Disciplinary Code for the Wyoming State Bar (stipulated discipline).  After a careful review of the Board of Professional Responsibility's Report and Recommendation for Suspension and the file, this Court finds that the Report and Recommendation for Suspension should be approved, confirmed and adopted by the Court;  and that the Respondent, Gibson Sean Benham, should be suspended from the practice of law for a period of five (5) years.  It is, therefore,

[¶ 2]  **ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Report and Recommendation for Suspension, which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court;  and it is further

[¶ 3]  **ADJUDGED AND ORDERED** that, as a result of the conduct set forth in the Report and Recommendation for Suspension, Respondent Gibson Sean Benham shall be, and hereby is, suspended from the practice of law for a period of five (5) years, beginning September 1, 2012;  and it is further

[¶ 4]  **ORDERED** that Respondent shall comply with Section 22 of the Disciplinary Code for the Wyoming State Bar. That Section governs the duties of disbarred and suspended attorneys;  and it is further

[¶ 5]  **ORDERED** that Gibson Sean Benham shall reimburse the Wyoming State Bar the amount of $50.00, representing the costs incurred in handling this matter, as well as pay an administrative fee of $500.00, by paying the total amount of $550.00 to the Clerk of the Board of Professional Responsibility on or before October 15, 2012;  and it is further

[¶ 6]  **ORDERED** that, pursuant to Section 4(a)(iv) of the Disciplinary Code for the Wyoming State Bar, this Order Suspending Attorney from the Practice of Law, along with the incorporated Report and Recommendation for Suspension, shall be published in the Wyoming Reporter and the Pacific Reporter;  and it is further

[¶ 7]  **ORDERED** that the Clerk of this Court shall docket this Order Suspending Attorney from the Practice of Law, along with the Report and Recommendation for Suspension, as a matter coming regularly

before this Court as a public record; and it is further

[¶ 8] **ORDERED** that the Clerk of this Court cause a copy of the Order Suspending Attorney from the Practice of Law to be served upon Respondent Gibson Sean Benham.

[¶ 9] **DATED** this 30th day of August, 2012.

BY THE COURT:

/s/ MARILYN S. KITE

Chief Justice

Attachment

## BEFORE THE SUPREME COURT OF THE STATE OF WYOMING

*In the matter of GIBSON SEAN BENHAM, WSB # 6-3120, Respondent.*

*WSB No.2012-44*

## REPORT AND RECOMMENDATION FOR SUSPENSION

THIS MATTER having come before the Board of Professional Responsibility pursuant to Bar Counsel's stipulated motion for suspension of Respondent, and the Board having reviewed the stipulated motion, the affidavit of Respondent in support thereof, and being fully advised in the premises, FINDS, CONCLUDES and RECOMMENDS:

### FINDINGS OF FACT

1. Respondent has been licensed to practice law in the State of Wyoming since 1996, and has maintained a practice in Casper, Wyoming.

2. During 2011, Respondent filed a lawsuit on behalf of Alexsan N. Djezveian, Jr. against Mountain West Farm Bureau, Civil Action No. 93380-B in the Seventh Judicial District Court, Natrona County, Wyoming (hereinafter, the "Djezveian lawsuit").

3. Respondent failed to pursue the Djezveian lawsuit with reasonable diligence, causing Mr. Djezveian to terminate Respondent's services. Mr. Djezveian retrieved his file from Respondent's office and took it to his new lawyer, John Robinson of Casper.

4. One of the documents in the file retrieved from Respondent's office was a surreptitious answer to the complaint in the Djezveian lawsuit, purportedly prepared on behalf of Mountain West Farm Bureau and signed by the law firm of Sundahl, Powers, Kapp & Martin, LLC, Cheyenne, Wyoming. Respondent prepared the surreptitious answer and provided it to Mr. Djezveian, and represented that it was the answer filed by the Cheyenne firm to the complaint. The surreptitious answer was not, however, filed with the Court.

5. The surreptitious answer was brought to the attention of Bar Counsel. By letter dated January 12, 2012, Bar Counsel wrote to Respondent and asked Respondent to provide any information in Respondent's possession regarding the surreptitious answer. Respondent did not respond to Bar Counsel's initial inquiry.

6. On March 7, 2012, Bar Counsel attempted to contact Respondent by telephone and email. Respondent did not respond to Bar Counsel's contacts.

7. On March 27, 2012, Bar Counsel sent Respondent a letter by certified and regular mail, demanding that Respondent respond to Bar Counsel's requests for information or face disciplinary charges. Respondent did not respond.

8. Bar Counsel proceeded to obtain authorization from the Peer Review Panel to initiate an investigation. On April 6, 2012, Bar Counsel wrote to Respondent and advised that an investigation was being initiated for possible violation of Rules 4.1 and 8.4(a), (c) and (d), and demanding Respondent's written response on or before April 20, 2012.

9. Respondent responded with a letter dated May 2, 2012, providing information regarding his representation of Mr. Djezveian. With respect to the surreptitious answer, Respondent stated:

> I can not say what exactly happened with regard to the service and/or any answer. What I can say is that whatever did occur occurred within my office. Given that my staff is my responsibility, I agree that I am

ultimately responsible for what happened. Mr. Djezveian was a wonderful client who suffered a tragedy. He entrusted me to help him which I properly failed to do. After much consideration I have made the decision to cease practicing law. I have three cases which are currently pending that I have upcoming deadlines which do not allow sufficient time for my clients to find alternate counsel. The last of these cases will conclude June 26th, 2012. As such, I will be closing my office effective June 30th, 2012 and will no longer be practicing law in the state of Wyoming after that date.

I hope this concludes the matter.

10. Upon receipt of Respondent's letter, on May 16, 2012, Bar Counsel wrote to Respondent and proposed that Respondent stipulate to a 5 year suspension of his right to practice of law. Respondent failed to timely respond to Bar Counsel's proposal.

11. In his representation of Mr. Djezveian, Respondent agrees that he violated the following rules of the Wyoming Rules of Professional Conduct:

a. Rule 1.1, which provides, "A lawyer shall provide competent representation to a client." Respondent violated this rule when he failed to competently pursue Mr. Djezveian's claims against Mountain West Farm Bureau.

b. Rule 1.3, which provides, "A lawyer shall act with reasonable diligence and promptness in representing a client." Respondent violated this rule when he failed to act with reasonable diligence in pursuing Mr. Djezveian's claims against Mountain West Farm Bureau.

c. Rule 1.4, which requires a lawyer to reasonably communicate with the client. Respondent violated this rule when he failed to communicate in a reasonable and honest way with Mr. Djezveian, and when he misled Mr. Djezveian about the progress of his lawsuit against Mountain West Farm Bureau.

d. Rule 3.2, which provides, "A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client." Respondent violated this rule when he failed to pursue Mr. Djezveian's claims against Mountain West Farm Bureau.

e. Rule 8.4(c), which provides, "It is professional misconduct for a lawyer to: * * * (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation." Respondent violated this rule when he prepared the surreptitious answer and when he otherwise misled Mr. Djezveian as to the status of his lawsuit against Mountain West Farm Bureau.

f. Rule 8.4(a), which provides, "It is professional misconduct for a lawyer to: (a) violate or attempt to violate the Rules of Professional Conduct * * *." Respondent violated this rule as set forth herein.

12. Respondent also violated Section 2(c) of the Disciplinary Code for the Wyoming State Bar, which provides, "Failure to timely respond to a request from Bar Counsel * * * may be grounds for discipline." Respondent violated this rule as set forth above.

13. Respondent agreed to a five (5) year suspension of his right to practice law in Wyoming.

14. Respondent stipulated to these terms and conditions, subject to the approval of the Board of Professional Responsibility and the Wyoming Supreme Court.

## CONCLUSIONS OF LAW

15. Standard 2.3 of the ABA Standards for Imposing Lawyer Sanctions states, "Suspension is the removal of a lawyer from the practice of law for a specified minimum period of time." The ABA standards further recognize, "The specific period of time for the suspension should be determined after examining any aggravating or mitigating factors in the case."

16. Standard 3.0 provides, "In imposing a sanction after a finding of lawyer misconduct, a court should consider the following factors:"

(a) the duty violated;

(b) the lawyer's mental state; and

(c) the actual or potential injury caused by the lawyer's misconduct; and

(d) the existence of aggravating or mitigating factors.

17. Misconduct of the sort engaged in by Respondent is addressed in Section 4.0, "Violations of Duties Owed to Clients." Standard 4.4, "Lack of Diligence," provides, in relevant part:

4.42 Suspension is generally appropriate when:

(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client * * *.

Standard 4.6, "Lack of Candor," provides, in relevant part:

4.62 Suspension is generally appropriate when a lawyer knowingly deceives a client, and causes injury or potential injury to the client.

18. Section 9.1 of the ABA Standards for Imposing Lawyer Sanctions provides for consideration of aggravating and mitigating circumstances in deciding on an appropriate sanction. Section 9.21 defines aggravating circumstances as "any considerations or factors that may justify an increase in the degree of discipline to be imposed." Section 9.31 defines mitigating circumstances as "any considerations or factors that may justify a reduction in the degree of discipline to be imposed."

a. The applicable aggravating factors are:

i. Section 9.22(b)—dishonest or selfish motive.

ii. Section 9.22(d)—multiple offenses.

iii. Section 9.22(e)—bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules of the Disciplinary Code.

iv. Section 9.22(h)—vulnerability of the victim.

v. Section 9.22(i)substantial experience in the practice of law. Respondent was first admitted to practice in Wyoming in 1996.

b. Applicable mitigating factors are:

i. Section 9.32(a)—absence of a prior disciplinary record.

## RECOMMENDATION

Based upon the foregoing findings of fact and conclusions of law, the Board of Professional Responsibility of the Wyoming State Bar recommends a five (5) year suspension of Respondent's right to practice law, and that Respondent be assessed a $500.00 administrative fee and costs in the amount of $50.00.

Dated: *Aug. 15th* 2012.

/s/ Jenifer E. Scoggin

Jenifer E. Scoggin, Chair
Board of Professional Responsibility
Wyoming State Bar